1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

8
9

RANDOLFF WESTOVER, individually and on behalf of all others similarly situated,

Plaintiff,

10

v.

11

Flagstar Bank, FSB,

12

Defendant.

13
14

NO.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

15

<u>**PRELIMINARY STATEMENT**</u>

16      1.      This is a collective action brought by Individual Plaintiff Randolff Westover on his

17  own behalf and on behalf of the proposed classes.  Plaintiff and the putative class members are or

18  were employed by Defendant Flagstar Bank, FSB ("Flagstar" or "Defendant"), as mortgage

19  underwriters, and were denied proper compensation as required by state and federal wage and

20  hour laws.  These employees are similarly situated under Rule 23 of the Federal Rules of Civil

21  Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

22      2.      The FLSA Collective is made up of all persons who have been employed by

23  Defendant as mortgage underwriters at any time within three years prior to this action's filing

24  date through the trial of this action (the "Collective Period").

25      3.      The Washington Rule 23 Class is made up of all persons who are, have been, or

26  will be employed by Defendants as mortgage underwriters within the State of Washington at any

27  time during the applicable statutory period (the "Washington Class Period").

28

1    4.    During the Collective Period and the Washington Class Period, Defendant failed to

2    pay overtime compensation to each member of the respective classes as required by state and

3    federal law.  Plaintiff seeks relief for the Collective Class under the FLSA and for the Washington

4    Class under Washington wage and hour law to remedy Defendants' failure to pay appropriate

5    overtime compensation and its failure to provide legally required meal and rest periods.

6    **THE PARTIES**

7    5.    Individual and representative Plaintiff Randolff Westover is an individual residing

8    in Puyallup, Washington (Pierce County).  He was employed by Defendant from approximately

9    June 2010 through November 2013 as a mortgage underwriter in Defendant's Bellevue,

10   Washington (King County) office.  He also worked for home during his employment with

11   Defendant.

12   6.    Upon information and belief, Defendant Flagstar Bank, FSB is a federal savings

13   bank doing business in and maintaining offices throughout the United States, including in

14   Bellevue, Washington (King County).  Defendant Flagstar Bank, FSB is headquartered in Troy,

15   Michigan.

16   **JURISDICTION AND VENUE**

17   7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case

18   is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*.  Plaintiff has signed a consent form to join

19   this lawsuit, which is attached as Exhibit A.  Additional opt-in Plaintiffs have also signed consent

20   forms to join this action, which are also included in Exhibit A.  This Court has supplemental

21   jurisdiction over the Washington state law claims pursuant to 28 U.S.C. § 1367.

22   8.    Venue is proper in the United States District Court, Western District of

23   Washington pursuant to 28 U.S.C. § 1391, because Defendant Flagstar operated a facility in King

24   County, Washington and because a substantial part of the events giving rise to the claims

25   occurred in this district.

26   **FACTUAL ALLEGATIONS**

27   9.    During the applicable statutory period, Plaintiff and those similarly situated

28   worked as mortgage underwriters for Defendant.  Defendant, through its policies, practices, and

1    supervisors, directed the work activity of Plaintiff and other mortgage underwriters. Employees of

2    Defendant had the authority to discipline Plaintiff and other mortgage underwriters.

3        10.    Defendant Flagstar's gross annual sales made or business done has been

4    $500,000.00 or greater at all times relevant herein.  Defendant operates in interstate commerce

5    by, among other things, selling mortgage loan products in multiple states.

6        11.    Defendant Flagstar has classified (and continues to classify) its mortgage

7    underwriters, including Plaintiff and those similarly situated, as exempt from FLSA and state

8    wage and hour protections.

9        12.    Defendant uniformly misrepresented to Plaintiff and other mortgage underwriters

10   that they were exempt employees and therefore ineligible to receive overtime pay.  In reality,

11   Plaintiffs and other mortgage underwriters are, and were, nonexempt employees who are, and

12   were, entitled to overtime pay.

13       13.    Defendant failed to allow meal periods of at least 30 minutes to Plaintiff and the

14   Washington Class.  It also failed to allow rest periods of at least 10 minutes for each 4 hours of

15   working time.  As a result, Defendant regularly required Plaintiff and the Washington Class to

16   work more than five consecutive hours without a meal period, and four consecutive hours without

17   a rest period.

18       14.    Plaintiff and those similarly situated worked in excess of forty (40) hours per week

19   for Defendant without receiving proper overtime pay.

20       15.    By way of example, Plaintiff Westover commuted in a scheduled car pool from

21   approximately November of 2010 through July of 2011, and again from approximately October

22   of 2011 through June of 2012.  When he rode in the carpool he worked from 6:45 until 3:30.  At

23   least four out of five days per week, Plaintiff Westover was not able to take a meal break.

24   Therefore, during most weeks in this time period, Mr. Westover worked at least 42.75 hours per

25   week.  Additionally, Mr. Westover often worked on the weekends for 2-6 hours, which added to

26   his uncompensated overtime.

27       16.    By way of further example, Plaintiff Westover worked from home from June 2012

28   until the end of his employment.  During this time period he started working at 7:00 am, after his

-3-

son boarded his school bus.  Plaintiff Westover often worked until 6:00 pm or 7:00 pm four days a week, and until approximately 4:00 pm on Fridays.  Thus, even if he took a one hour meal break every day (which he did not), he still worked at least 46 hours in a typical week.  Again, Plaintiff Westover also worked on weekends, which added to his uncompensated overtime.

17.    Defendant is aware of wage and hour laws.  Defendant Flagstar has been sued before for failure to pay overtime to its employees and for other wage and hour violations.

18.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

19.    Defendant's conduct, as set forth in this Complaint, was willful and in bad faith. Defendant operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are as follows:

**FLSA Collective:**    All Persons who have been employed by Defendant as mortgage underwriters within the United States at any time starting three years prior to the filing of the initial complaint in this action until trial of this action.

21.    Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required overtime pay.  Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

22.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

1

**CLASS ACTION ALLEGATIONS**

2      23.     Plaintiff (as "Washington Class Representative") brings this action as a class

3  action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following

4  defined class:

5          **Washington Class:**   All Persons who are, have been, or will be employed
                                    by Defendant as mortgage underwriters within the
6                                   State of Washington at any time from three years prior
7                                   to the filing of this complaint through the trial of this
                                    action.
8

9      24.     Numerosity:   Upon information and belief, the Proposed Washington Class is so

10 numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and

    on that basis allege, that during the applicable statutory period, Defendant employed over forty
11
   people who satisfy the definition of the Proposed Washington Class.
12
       25.     Typicality:     The Washington Class Representative's claims are typical of the
13
   members of the Washington Class.  The Washington Class Representative, like other mortgage
14
   underwriters, routinely worked more than forty hours per week during the Washington Class
15
   Period.  The Washington Class Representative had the same duties and responsibilities as other
16
   Class members. The Washington Class Representative and the Washington Class were subject to
17
   Defendant's policy and practice of improperly treating and classifying employees in this position
18
   as "exempt" from wage and hour laws and failing to pay appropriate overtime compensation and
19
   failing to provide legally required meal and rest periods.
20
       26.     Superiority:    A class action is superior to other available methods for the fair and
21
   efficient adjudication of the controversy, particularly in the context of wage and hour litigation
22
   where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits
23
   in federal court against large corporate defendants.
24
       27.     Adequacy:      The Washington Class Representative will fairly and adequately
25
   protect the interests of the Washington Class, and has retained counsel experienced in complex
26
   wage and hour class and collective action litigation.
27

28

28.     <u>Commonality</u>: Common questions of law and fact exist to all members of the Washington Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.      Whether Defendant improperly labeled and treated the Washington Class Representative and the members of the Washington Class as exempt from Washington wage and hour laws;

b.      Whether Defendant unlawfully failed to pay appropriate overtime compensation to the Washington Class Representative and the members of the Washington Class in violation Washington wage and hour laws;

c.      Whether Defendant violated Washington wage and hour laws by failing to provide the Washington Class Representative and the Washington Class with appropriate meal and rest breaks;

d.      Whether Defendants failed to keep accurate time records for all hours worked by the Washington Class Representative and the Washington 23 Class;

e.      Whether Defendant's actions were willful; and

f.      The proper measure of damages sustained by the Washington Class Representative and the Washington Class.

29.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Washington Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

30.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions only affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the members of the Washington Class the overtime pay

1    to which they are entitled.  The damages suffered by the individual Washington Class members
2    are small compared to the expense and burden of individual prosecution of this litigation.  In
3    addition, class certification is superior because it will obviate the need for unduly duplicative
4    litigation that might result in inconsistent judgments about Defendants' practices.

5         31.    Plaintiffs intend to send notice to all members of the Washington Class to the
6    extent required by Rule 23.  The names and addresses of the members of the Washington Class
7    are available from Defendant.

8                              **FIRST CLAIM FOR RELIEF**

9                              **FAIR LABOR STANDARDS ACT**

10                              29 U.S.C. §§ 201 et seq.

11                     (On Behalf of Plaintiff and the FLSA Collective)

12        32.    Plaintiff and the FLSA Collective allege and incorporate by reference the
13    allegations in the preceding paragraphs.

14        33.    At all relevant times, Defendant was an "employer" engaged in interstate
15    commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29
16    U.S.C. § 203.  At all relevant times, Defendant employed employees, including Plaintiff and each
17    member of the Collective.

18        34.    Plaintiff and additional opt-in Plaintiffs have consented in writing to be a part of
19    this action, pursuant to 29 U.S.C. § 216(b).  Their consent forms are attached as Exhibit A.  As
20    this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

21        35.    The FLSA requires each covered employer, such as Defendant, to compensate all
22    non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for
23    work performed in excess of forty hours per work week.

24        36.    Plaintiff and the FLSA Collective are entitled to be paid overtime compensation
25    for all hours worked in excess of forty hours per work week.  By failing to compensate Plaintiff
26    and the FLSA Collective with proper overtime compensation, Defendant violated the FLSA, 29
27    U.S.C. §§ 201 *et seq.*

28

37.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39.     Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to himself and the Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

40.     Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE WASHINGTON MINIMUM WAGE ACT

### RCW 49.46.130 & RCW 49.46.090

(On Behalf of the Washington Class Representatives and the Washington Class)

41.     The Washington Class Representative and the Washington Class allege and incorporate by reference the allegations in the preceding paragraphs.

42.     RCW 49.46.130 requires employers to pay employees one and one-half times the regular rate at which they are/were employed for all hours worked over forty (40) per work week.

43.     RCW 49.46.090 makes employers who violate RCW 49.46.130 liable to the affected employees in the amount of unpaid wages, costs, attorney's fees, and other appropriate relief under the law.

44.     Defendant's actions, policies, and/or practices as described above violate RCW 49.46.130 by regularly and repeatedly failing to compensate Plaintiff and the Washington Class at the required overtime rate.

45. As the direct and proximate result of Defendant's unlawful conduct, the Washington Class Representative and the Washington Class have suffered and will continue to suffer a loss of income and other damages. The Washington Class Representative and the Washington Class are entitled to damages, including interest thereon, as well as attorney's fees and costs, incurred in connection with this claim.

**THIRD CLAIM FOR RELIEF**

**VIOLATIONS OF WASHINGTON'S MEAL AND REST PERIOD REQUIREMENTS**

RCW 49.12.020 AND WAC 296-126-092

(On behalf of the Washington Class Representative and the Washington Class)

46. The Washington Class Representative and the Washington Class allege and incorporate by reference the allegations in the preceding paragraphs.

47. RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

48. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

49. Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

50. WAC 296-126-092 provides that employees shall be allowed certain paid rest and meal periods during their shifts.

51. By the actions alleged above, including the failure to provide mortgage underwriters with proper rest and meal periods, Defendant have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

52. As a result of the unlawful acts of Defendant, the Washington Class Representatives and the Washington Class have been deprived of compensation in amounts to be determined at trial, and the Washington Class Representative and the Washington Class are

1  entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees

2  pursuant to RCW 49.48.030 and costs.

3  **FOURTH CLAIM FOR RELIEF**

4  **FAILURE TO PAY WAGES OWED AT TERMINATION**

5  RCW 49.48.010

6  (On behalf of the Washington Class Representative and the Washington Class)

7  53.   The Washington Class Representative and the Washington Class allege and

8  incorporate by reference the allegations in the preceding paragraphs.

9  54.   RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an

10 employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his

11 employment shall be paid to him at the end of the established pay period."

12 55.   By the actions alleged above, Defendants have violated the provisions of RCW

13 49.48.010.

14 56.   As a result of Defendants' unlawful acts, Plaintiff Hill and the Class have been

15 deprived of compensation in amounts to be determined at trial and, are entitled to such damages,

16 including interest thereon, and pursuant to RCW 49.48.030, Plaintiff Hill and Class members are

17 entitled to payment of attorneys' fees as well.

18 **FIFTH CLAIM FOR RELIEF**

19 **WILLFUL REFUSAL TO PAY WAGES**

20 RCW 49.52.050

21 (On behalf of the Washington Class Representative and the Washington Class)

22 57.   The Washington Class Representative and the Washington Class allege and

23 incorporate by reference the allegations in the preceding paragraphs.

24 58.   RCW 49.52.050 provides that any employer or agent of any employer who,

25 "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any

26 employee a lower wage than the wage such employer is obligated to pay such employee by any

27 statute, ordinance, or contract" shall be guilty of a misdemeanor.

28

59.     Violations of RCW 49.46.130, as discussed above, constitute violations of RCW 49.52.050.

60.     Violations of RCW 49.48.010, as discussed above, constitute violations of RCW 49.52.050.

61.     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

62.     By the actions alleged above, Defendants have violated the provisions of RCW 49.52.050.

63.     As a result of the willful, unlawful acts of Defendants, Plaintiff Hill and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff Hill and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

D.     Judgment that Defendant's violations as described above were willful;

E.     An award in an amount equal to Plaintiff's and the Collective's unpaid back wages at the applicable overtime rate;

F.    An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G.    An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H.    Pre-judgment and post-judgment interest, as provided by law;

I.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiff, on behalf of himself and the Washington Class, prays for relief as follows:

A.    Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Designation of the Washington Class Representative as representative of the Washington Class, and counsel of record as Class Counsel;

D.    Judgment against Defendants for an amount equal to Plaintiff's and the Washington Class' unpaid back wages, including overtime and meal and rest period wages, at the applicable rates, and all other damages available according to proof;

C.    Attorneys' fees and costs of suit, including expert fees, pursuant to RCW 49.46.090, 49.48.030, and 49.52.070, and other applicable state law;

D.    Pre-judgment and post-judgment interest, as provided by law; and

E.    Such other equitable relief as the Court may deem just and proper.

-12-

1

## DEMAND FOR JURY TRIAL

2          Plaintiff demands a jury for all issues so triable.

3

4          DATED this 23rd day of December, 2014.

5

6                                    TERRELL MARSHALL DAUDT & WILLIE PLLC

7                                    By:    /s Beth E. Terrell, WSBA #26759
                                          Beth E. Terrell, WSBA # 26759
8                                         Email:  bterrell@tmdwlaw.com
                                          936 N. 34th Street, Suite 300
9                                         Seattle, Washington 98103
                                          Telephone:  206.816.6603
10                                        Facsimile:   206.350.3528

11
                                          Matthew C. Helland, *pro hac vice forthcoming*
12                                        Email:  helland@nka.com
                                          Daniel S. Brome, *pro hac vice forthcoming*
13                                        Email:  dbrome@nka.com
                                          NICHOLS KASTER, LLP
14                                        One Embarcadero Center, Suite 720
                                          San Francisco, California  94111
15                                        Telephone: (415) 277-7235
                                          Facsimile: (415) 277-7238
16

17                                        *Attorneys for Plaintiff and Putative Class Members*

18

19

20

21

22

23

24

25

26

27

28